Common Pleas Court of Franklin County.

THE CINCINNATI EQUIPMENT COMPANY v. GEORGE B. KAUFF-
MAN ET AL.

Decided, January 19, 1912.

*Costs—Are Given Only by Statute—Expenses of Litigation Distinguished
from Costs—Section 11624.*

The word "costs" has a fixed legal significance and includes only
such items as are allowed by statute, and the expense of preparing
a bill of exceptions for the purpose of prosecuting error can not
be taxed as a part of the costs.

*Stewart & Stewart,* for plaintiff.
*Crum, Raymond & Hedges,* contra.

KINKEAD, J.

This matter is submitted upon an agreed statement of facts.

The question is whether the sum of $44.25 paid by the plaint-
iff for a transcript by the stenographer, constituting the bill of
exceptions for the prosecution of proceedings in error from the
judgment of this court to the circuit court, are a part of the
costs in the case.

The circuit court reversed this court, and the parties there-
after agreed upon a settlement of the case, the defendants as a
part of such adjustment agreeing to pay the costs of the case.
When it came to the payment of the costs it was found that there
was the sum of $44.25 due for the payment of the expense of
the bill of exceptions. And there the dispute arose, the plaint-
iff claiming that this sum constituted part of the costs, and the
defendant claiming that the same was not a part of the costs.

Stenographer's fees are not taxable as costs unless authorized
by statute. 11 Cyc., 125.

Under the statutes and rules of court of some jurisdictions,
stenographer's fees for a copy of a transcript of evidence are

taxable as costs in the case, if necessary for the purpose of an appeal but not otherwise.  11 Cyc., 232.

"The term 'costs' has a legal signification and includes, only such costs as are properly taxable by statute.  Costs were unknown to common law.  They are given only by statute, and may be changed, or entirely taken away, at the will of the Legislature."  Kinkead's Practice, Section 841; *McDonald v. Page,* Wright, 121.

"The word *costs* has a legal signification.  It includes only those expenditures which are, by law, taxable, and to be included in the judgment."  *Farrier* v. *Cairns,* 5 Ohio, 45, 48.

"It is equally certain that he had acquired no right to any judgment for costs.  This must depend upon the statute law in force at the time judgment should be rendered.  Costs are unknown to the common law.  They are given only by statute, and may be changed, or entirely taken away, at the will of the Legislature."

*C., C. & C. R. R. Co.* v. *Bartram,* 11 Ohio St., 457, 467:

"Indeed, we know that at common law the parties were never entitled to judgment for *costs,* they were *only* entitled to judgment for their *right* or *claim,* for which the action was brought, or 'to go hence without day,' as the case may be."

In *State* v. *Auditor,* 77 O. S., 333, on page 339 it is stated:

"Costs, in the sense the word is generally used in this state, may be defined as being the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action or prosecution and which the statutes authorize to be taxed and included in the judgment.  *  *  *  The word does not have any fixed legal signification.  As originally used, it meant an allowance to a party for expenses incurred in prosecuting or defending a suit.  Costs did not necessarily cover all of the expenses as they were distinguishable from fees or disbursements.  They are allowed only by authority of statute, and the word not having a fixed legal signification, it does not follow that the compensation of the expert, though an expense, is costs made in the prosecution."

Section 11624 provides that costs shall be allowed, of course, to the plaintiff upon a judgment in his favor in actions for money and for recovery of real or personal property.

Judgment for costs may be awarded against the plaintiff when the judgment is in favor of the defendant.

In other classes of cases the court is empowered to apportion the costs between parties within its discretion.   Section 11628.

There is nothing in the statute relating to proceedings in error concerning the assessment of costs which would throw light upon the question.

The conclusion must be that there is no statute authorizing the taxation of the expense of the bill of exceptions for the purpose of prosecution of error, as part of the costs.

The finding upon the agreed facts, therefore, is that the expense of the bill of exceptions is not to be paid as part of the costs.